BENJAMIN FRENCH, JR. *versus* INHABITANTS OF BRUNSWICK.

In an action against a town to recover damages sustained by an obstruction placed in the highway, the burthen of proof of due care is upon the plaintiff; but it may be inferred from circumstances.

To decide what shall constitute reasonable notice to the town is, in many cases, attended with difficulty, as the words " *reasonable notice*" are undefined in the statute. It is not necessary to prove notice to the town in its corporate capacity; nor that the majority of the inhabitants should have had notice; nor is it even necessary to bring home the knowledge to any officer of the town; and it has sometimes been considered, if it be proved that some principal inhabitant had notice, it would be sufficient.

Where numbers of the inhabitants of the town were concerned in placing the obstruction, which caused the accident, across the highway, of whom one at least was a man of substance; and the obstruction was so left by all for a short time, during which the accident happened; *it was held,* that the notice was sufficient to render the town liable.

TRESPASS on the case for an injury alleged to have been sustained by the plaintiff by means of a rope, extended across a public road in the town of Brunswick, in the evening.

The case was opened for trial, and many witnesses examined, from which it appeared that several inhabitants of that town had drawn some rafts of logs to the shore, and to prevent their being carried down the river, had fastened a rope to these rafts, and had extended it across the road, which was here near the river, a few feet above the ground, and fastened it to a tree beyond the road, on the opposite side. In this

state it was left by all the men for a time, and while thus left in the evening, the plaintiff passed along the road on horseback, was caught by the rope, thrown from his horse, and severely injured.

After the witnesses had been examined, the parties agreed to take the case from the jury, and refer it for the decision of the Court upon the evidence, all of which appears in the report. They agreed, that if the Court, on the facts, should find that the plaintiff was entitled to recover, judgment was to be entered in his favor for so much damage as they should find him to have sustained ; and if not entitled to recover, he was to become nonsuit. The testimony bearing upon any question of law, is stated in the opinion.

*Mitchell*, for the plaintiff, admitted that the plaintiff must show that he made use of ordinary care, but said that it might be inferred from facts proved. *Foster* v. *Dixfield*, 6 Shepl. 380.

The principal question is, whether the town had *reasonable notice* before the accident happened. He contended that the testimony reported, proved abundant notice ; and cited st. 1821, c. 118, § 17 ; *Thompson* v. *Bridgewater*, 7 Pick. 188 ; *Frost* v. *Portland*, 2 Fairf. 271 ; *Bigelow* v. *Weston*, 3 Pick. 267 ; *Springer* v. *Bowdoinham*, 7 Greenl. 442.

The town is as much liable for injuries occasioned by obstructions placed in the road by individuals, as for those caused by defects in the road through neglect. *Frost* v. *Portland*, before cited.

*Everett*, for the defendants, contended that it did not appear that the plaintiff conducted himself with ordinary care. The burthen of proof is on him to show it. *Adams* v. *Carlisle*, 21 Pick. 146 ; *Lane* v. *Crombie*, 12 Pick. 177 ; *Smith* v. *Smith*, 2 Pick. 263.

The decisions had already gone quite far enough on the subject of constructive notice to towns, but, as was contended, not far enough to include this case. This was the mere carelessness, or misconduct, of individuals without any knowledge of

any inhabitant of the town, but those engaged in it. It was too, but merely placing the rope across the road for an instant, while the men went for a stake to drive into the bank for a fastening. There is no more ground for holding the town liable in this case, than if one should leave his team for a moment in the road, and during his absence an accident should happen in consequence of it. As much evidence is necessary to support an action of this description, as an indictment for neglecting to keep the road in repair. *Howard* v. *North Bridgwater*, 16 Pick. 190.

The most extreme cases in Massachusetts, such as *Reed* v. *North Brookfield*, 13 Pick. 94, require such notice as should ordinarily carry the knowledge of the obstruction to the officers of the town. Reasonable notice should be given, that the officers of the town might remove the obstruction. 9 Mass. R. 247 ; 1 Metcalf, 308 ; 4 Mass. R. 422.

Here is no room for presumption in this case, as all the persons, who knew of it, are stated, and they are the very persons who placed the *rope* there. Some substantial citizen at least is required to have had notice.

The opinion of the Court was drawn up by

WHITMAN C. J. — Two questions are raised in this case for the consideration of the Court. The first is, was the plaintiff, at the time of the misfortune complained of, exercising due care and precaution ; — and, secondly, had the defendants such notice of the obstruction as to render them culpable, and responsible for the damage sustained by the plaintiff. These the parties have seen fit to refer to the decision of the Court, instead of the jury. The facts agreed upon, and reported by the Judge, as developed at the trial, are supposed to leave nothing for the decision of the Court, but questions of law arising thereon.

As to the question of due precaution, it appears that the plaintiff was riding on horseback, in a public highway, where no obstruction, of the novel kind complained of, was to have been apprehended. He, therefore, could not, reasonably, have

been expected to have been upon the lookout for it. The accident occurred in the twilight of the evening; when it might well happen that the view of such an obstruction would, ordinarily, be obscured; and to one, not previously put upon his guard, would not be discernable. Although the burthen of proof of due care is upon the plaintiff, yet it may be inferred from circumstances; and we think, that what appears in this case will well warrant the conclusion, that the plaintiff was, upon that occasion, in the exercise of due care. ·

To decide what shall constitute reasonable notice is, in many cases, attended with difficulty. · The words "reasonable notice" are undefined in the statute. Every case will present its peculiar circumstances, so that a decision in one will seldom furnish a precedent for another. It is not considered necessary to prove notice to the town in its corporate capacity, as the language of the statute, taken literally, would seem to import: nor is it necessary that the majority of the inhabitants should have had notice; nor is it even necessary to bring home the knowledge to any officer of the town. It has sometimes been considered, if it be proved that some principal inhabitant had notice, it would be sufficient. *Lobdell* v. *New Bedford*, 1 Mass. R. 153. Here again the rule would be indefinite. Who are to be taken and deemed to be the principal inhabitants?

In *Springer* v. *Bowdoinham*, 7 Greenl. 442, one of the inhabitants of the town, two hours before sunset, had so placed a stick of timber, that one end of it was an obstruction in the highway, and it was passed there by several others of the inhabitants of the town. It is not said whether they, or either or any of them, were principal inhabitants or not. The same evening the plaintiff in that action was passing the place and was overturned in his carriage, and sustained an injury. No officer of the town had notice of the obstruction till the next morning. Yet the defendants were held liable.

In the case here, numbers of the inhabitants of Brunswick were concerned in placing the obstruction across the highway. Who they all were does not certainly appear. Some were minors. One Eaton, was so poor, that, when taxed, his taxes

were abated; one Wright, paid only a poll tax, and resided in Brunswick but one year; and one Forsaith, was one of the owners of the timber, which they were attempting to secure; and saw Eaton in the act of fastening the rope to the tree, whereby the obstruction was created; and as he testifies, told Eaton not to fasten it there, and that Eaton replied he was only going to take in the slack. Eaton testified that Forsaith, who was passing that way at the time, took hold of the rope to assist in drawing in the raft, and told him it would not do to make the rope fast to the tree, as people were passing; and charged him to stay by it, and see that no one came along; that the rope was tied to the tree at that time; but could not say that Forsaith knew it. Here it is natural that we should inquire, if he, Forsaith, did not know that the rope was fastened to the tree, why he should have directed Eaton to stay by it; and give as a reason why he should do so, that people were passing. His intention must have been that Eaton should take care to warn those, who were approaching, of the obstruction; or to remove it, so that they might pass; and, if he had done either, the injury to the plaintiff would have been prevented. But Eaton did not stay by it: he left it, as he says, for a short space; and in his absence the injury occurred. It is not questioned but Forsaith was a man of substance. Whether others, who were aiding in hauling in the raft and fastening the rope, were so or not does not appear.

These facts can scarcely be deemed less cogent, as evidence of notice, than those in *Springer* v. *Bowdoinham*. For aught that appears the individuals, who had notice in this case of the obstruction, were equal in substance and respectability with those, who might have had notice in that; and it might have been removed, as it would seem, with about the same expedition and facility, in the one case as in the other. If the case of *Springer* v. *Bowdoinham* is to be regarded as a precedent, obligatory upon the Court, although it may seem to go to the extreme verge of the law, it must have a controlling influence upon our decision. Eaton's desertion of his post, but

for which the accident might have been prevented, was culpable negligence ; and, under the circumstances of this case, we think, was imputable to the defendants, and they must answer for the consequences.   A default may be entered.