Norris *v.* Litchfield.

Norris *v.* Litchfield.

|       |     |
| ----- | --- |
| 35    | 271 |
| 67    | 321 |
| 67    | 377 |
| 35    | 271 |
| 71    | 239 |
| 35    | 271 |
| 74    | 282 |

The fact that a plaintiff is a trespasser, or violator of the law, does not of itself discharge another from the observance of due and proper care towards him; neither will it necessarily preclude him from a recovery against a party guilty of negligence.

Where a traveller, driving in the night, and exercising all the care and caution of which the circumstances admitted, by accident drove his carriage to the left over the centre of the travelled path, in consequence of which he came in collision with an approaching carriage, and was forced off a bridge which had no sufficient railing, the town was held liable.

Case, for damages to the plaintiff's horse, carriage and harness, by the insufficiency of a bridge in a public highway in said Litchfield, for want of sufficient width and suitable railing.

The evidence tended to show that one Bixby, with two ladies, was travelling on said highway with a horse and chaise, in a very dark evening; that when near the bridge in question he heard a carriage approaching from the other direction; he called out

to the person approaching, to stop, and turned out as he sup-posed as far as was safe and prudent. One Moor was in charge of the carriage approaching, which was a single lumber wagon, and was walking behind the wagon attending to his freight, and did not notice the approach of Mr. Bixby's carriage, or hear him call out. Moor's horse turned to the right, so as to strike the fence on the westerly side, before he got upon the bridge, and then proceeded across the bridge before Moor was able to take hold of or stop him. The carriages came in collision before Moor's horse had reached the bridge, by some fifteen or eighteen feet; and the chaise, with Bixby and the ladies, was either drawn back by Moor's horse and wagon, or backed by Bixby, in endeavoring to extricate his carriage from the other, and pre-cipitated backwards from the bridge on the easterly side, a height of about nine feet, by which the horse was instantly killed, and the chaise injured.

The horse and chaise were the property of the plaintiff, who was a stable keeper, and had let them to Bixby.

The highway at the end of the bridge was about eighteen or nineteen feet in width, where the collision probably occurred, and the wheel-tracks of the travelled part of the road were within three or four feet of the fence struck by Moor's wagon. There was no railing on the easterly side of the highway, where the road was raised by an embankment, and no railing or other barrier, except a small log upon the easterly side of the bridge, which was of plank, eighteen feet long, across the highway.

The defendants asked the court to instruct the jury, that if they believed that Bixby did not turn to the right and give to Moor one half of the travelled part of the highway, and there was abundant room for him to do so, and that the accident hap-pened in consequence thereof, that then the plaintiff cannot re-cover.

The defendants further asked the court to instruct the jury, that if they believed that if Bixby had given to Moor his legal rights, no accident would have happened, then the defendants would not be liable.

Norris *v.* Litchfield.

The court declined so to instruct, but charged on this point, that where some accident occurs which ordinary care and prudence could not prevent, and a defect exists in the highway by means of which the damage occurs, and without which it would not have occurred, the town is liable ; that if the plaintiff's carriage was in the middle of the travelled part of the road, his agent using ordinary care, skill and prudence, considering the circumstances, and came in collision with another carriage, this would be an accident for which the agent of the plaintiff would not be in fault, so far as this case is concerned ; and if such accident led to this damage by a defect in the highway, the town is liable.

The jury rendered a verdict for the plaintiff, which the defendant moves to have set aside, and for a new trial, because of the refusal and charge of the court, above stated.

*W. C. Clarke,* for the defendants.

1. " Towns are not liable where there has been any fault on the part of him who has sustained the damage." " Two things must concur to support this action — an obstruction in the road by the fault of the defendant, and no want of ordinary care to avoid it on the part of the plaintiff." *Farnum* v. *Concord,* 2 N. H. 393 ; *Moore* v. *Abbott,* 32 Me. 46 ; *Farrar* v. *Green,* 32 Me. 575 ; *Butterfield* v. *Forrester,* 11 East 61 ; *Flower* v. *Adam,* 2 Taun. 314 ; *Marriott* v. *Stanley,* 1 Scott N. R. 392.

In the case of *Butterfield* v. *Forrester,* above cited, Lord *Ellenborough* says : " A party is not to cast himself upon an obstruction which has been made by the fault of another, and avail himself of it, if he do not himself use common and ordinary prudence to be in the right. In cases of persons riding upon what is called the wrong side of the road, that would not authorize another purposely to ride against them ; one being in fault will not dispense with another's using ordinary care for himself."

This case is confirmed by Baron *Parker,* in *Bridge* v. *Grand Junction Railroad Company,* 3 M. & W. 246, and in *Davis* v. *Mann,* 10 M. & W. 548.

2. It was the duty of Bixby to turn to the right, and give Moor one half of the travelled part of the highway. N. H. Comp. Stat. 155 ; *Brooks* v. *Hart,* 14 N. H. 309 ; *Kinnard* v. *Burton,* 25 Me. 39 ; *Palmer* v. *Barker,* 11 Me. 338.

3. It was the duty of Bixby to stop before he passed the bridge. The case finds that it was a very dark evening ; that when near the bridge, Bixby heard a carriage approaching from the other direction, called out to the other person to stop, &c., and passed over the bridge, came in contact with him, and was thereby thrown off the bridge. It was not an act of prudence on the part of Bixby, under the circumstances, to cross the bridge until after Moor had passed him.

" If a person knows there is an obstruction in a street, and he attempts to pass the place, when, in consequence of the darkness of the night or of the rise of water over the street, he cannot see the obstruction, he has no reason to complain of the injury he may receive on the occasion. He takes the risk in such case on himself." *Mt. Vernon* v. *Dusonchett,* 2 Cart. Ind. 586.

4. In New-York there is no obligation, either by statute or at common law, upon towns to keep in repair highways within their limits ; nor will an action lie against a town to recover damages for an injury occasioned by a defect in a highway. *Morey* v. *Newfane,* 8 Barb. 645.

Perhaps some of the cases in Massachusetts and Vermont have run into the other extreme.

*A. F. Stevens* and *A. W. Sawyer,* for the plaintiff.

By the provisions of the statutes, towns are liable for any special damage which may happen to any person, or to his team or carriage, by reason of the obstructions, insufficiency or want of repair of any highway or bridge. Rev. Stat., ch. 57, sec. 1. This statute is the same as our former laws upon this subject, with the exception that the term *obstructions* has been added.

The uniform construction given by the court to this and similar statutes, is, 1. The damage must be the result of some defect in

Norris *v.* Litchfield.

the highway through the default of the defendant.   2. There must have been no want of ordinary skill or care on the part of the plaintiff.   *Butterfield* v. *Forrester*, 11 East 60 ; *Farnum* v. *Concord*, 2 N. H. 392.   In this case the verdict of the jury has established both points in favor of the plaintiff.

The case shows that the damage was the result of a defect in the highway, combined with an accident which ordinary care and prudence on the part of the plaintiff's agent could not have foreseen or provided against.

It is the ordinary course of events, and consistent with a reasonable degree of prudence on the part of the traveller, that accidents will occur.   Horses may be frightened, a harness may break, a bolt or screw may be dropped.   Collisions may take place in a dark night upon a sandy or narrow road, or upon or near a narrow and unprotected bridge, or near an unprotected embankment, and when it would be gross carelessness in the party to venture near the edge of the bridge.   To guard against damage by such accidents, the law requires suitable railings and barriers, a proper width to the road, and whatever may be reasonably required for the safety of the traveller.   *Palmer* v. *Andover*, 2 Cush. 600.

The ruling of the court is also sustained by decisions in Vermont.   If a road be out of repair, and an injury happen by reason of such want of repair, and the plaintiff or his agents are guilty of no want of care and prudence, the town is liable, notwithstanding the primary cause of the injury was a failure of a nut or bolt, which was insufficiently or imperfectly fastened.   If there be no fault on the part of the plaintiff, which common sagacity and forecast could have anticipated and provided against, and the loss be the combined result of accident and the insufficiency of the road, the plaintiff may recover.   *Hunt* v. *Pownal*, 9 Vt. 411 ; 21 Vt. 391.

BELL, J.   The question arising upon the instructions asked, as well as those given to the jury, is whether a traveller can recover against a town for damages sustained from a defect of a

highway, if at the time of the accident he is trespassing on the rights of others, or violating a law of the State.

It is not questioned that towns are liable where the damage sustained arises in part from defects of the road, and in part from such accidents as could not be prevented by ordinary care and prudence. *Palmer* v. *Andover*, 2 Cush. 600 ; *Hunt* v. *Pownall*, 9 Vt. 418 ; or in part from the wrongful acts of others. *Littleton* v. *Richardson*, 32 N. H. 59.

And the court so charged the jury, " that where some accident occurs which ordinary care and prudence could not prevent, and a defect exists in the highway, by means of which the damage occurs, and without which it would not have occurred, the town is liable."

But the court added : " That if the plaintiff's carriage was in the middle of the travelled part of the road, his agent using ordinary care, and skill, and prudence, considering the circumstances, and came in collision with another carriage, this would be an accident for which the agent of the plaintiff would not be in fault, so far as this case is concerned ; and if such accident led to this damage by a defect in the highway, the town would be liable."

In actions of this kind it is settled that if the damage sustained has been in any degree directly caused by his own fault or negligence, the plaintiff cannot recover against the town. It was so held in *Farnum* v. *Concord*, 2 N. H. 392, the leading case on the subject in this State, as well as by many decisions in neighboring States. *Reed* v. *Northfield*, 13 Pick. 94 ; *Smith* v. *Smith*, 2 Pick. 621 ; *Thompson* v. *Bridgewater*, 7 Pick. 188 ; *Howard* v. *North Bridgewater*, 16 Pick. 189 ; *Adams* v. *Carlisle*, 21 Pick. 146 ; *May* v. *Princeton*, 11 Met. 442 ; *Sheperdson* v. *Coleraine*, 13 Met. 55 ; *Palmer* v. *Andover*, 2 Cush. 600 ; *Bigelow* v. *Rutland*, 4 Cush. 247 ; *Hull* v. *Richmond*, 2 W. & M. 337 ; *Moore* v. *Abbot*, 32 Maine 46 ; *Merrill* v. *Hampden*, 26 Maine 234 ; *French* v. *Brunswick*, 21 Maine 29 ; *Jacobs* v. *Bangor*, 16 Maine 187 ; *Hunt* v. *Pownall*, 9 Vt. 411 ; *Kelsey* v. *Glover*, 14 Vt. 708 ; *Allen* v. *Hancock*, 16 Vt. 230.

What constitutes negligence is a mixed question of law and fact, to be settled by the jury under the instructions of the court. *Rice* v. *Montpelier*, 19 Vt. 470; *Murch* v. *Concord Railroad*, 9 Foster 43; *Burr* v. *Housatonick Railroad*, 19 Conn. 566; and it was properly submitted to them.

But the idea of the defendant's counsel was, that if the plaintiff was himself a wrong-doer, he could maintain no action whatever, however prudent and careful he may have been.

There are decisions which give countenance to this idea, and which hold that where a party who has suffered a loss by the negligence of another, was himself at the time a trespasser, or acting in violation of law, he cannot recover. *Munger* v. *Tonawanda Railroad*, 4 Coms. 349; *Hartfield* v. *Roper*, 21 Wend. 615; *Brown* v. *Maxwell*, 6 Hill 592, and cases there cited.

But we are unable to agree to the doctrine thus broadly laid down. As a general principle it seems to us wholly immaterial, whether, in the abstract, the plaintiff was a wrong-doer or a trespasser, or was acting in violation of law. For his wrong or trespass he is answerable in damages, and he may be punishable for his violation of law; but his rights as to other persons, and as to other transactions, are not affected by that circumstance. A traveller may be riding with a horse or carriage which he had no right to take or use; he may be travelling on a turnpike without payment of toll; he may be riding on a day when riding is forbidden, or with a speed forbidden by law, or upon what is called the wrong side of the road; or his team may be standing in the street of a town, without his attending by them and keeping them under his command, as the law requires; and in none of these cases is his right of action for any injury he may sustain from the negligent conduct of another in any way affected by these circumstances. He is none the less entitled to recover, unless it appears that his negligence or his fault has directly contributed to his damage. He may be a trespasser, and his trespass may have in no degree contributed to the damage he has sustained. Though a trespasser or a wrong-doer as to others, he may have been guilty of neither fault nor negligence as to the party from

whom he has sustained damage. Though engaged in an act which is a violation of law in itself, he may have exercised all proper care for the safety of himself and his property, and to avoid any injury to another. A trespass is not the less a wrong that it is done by accident, or without design, or even against the will of the actor; but in such case it is not a fault, in the sense of that word, as used in connection with actions for negligence.

So a party may do an act which is a violation of law, and which may perhaps subject him to liability to those who may sustain damage by his conduct; yet it may not be an offence which would subject him to punishment, because the act may have been involuntary; done without negligence, and against his most earnest efforts. In such a case the act is a misfortune—it is not a fault.

It is not enough, then, to show that a party is a wrong-doer, or a trespasser, or violator of the law, to defeat his action for damage sustained from the negligence of another.

It must be shown that such act is a fault, which has directly contributed to the loss or damage of which the party complains. It is not a question, as it has been made in some cases, whether the party is a trespasser, or has done some wrongful act, but whether he is guilty of a fault or of negligence in reference to the matter in question, which has directly contributed to the injury.

The proper question, whether the fact that the plaintiff was on the left of the centre of the road was the fault of the plaintiff, or was a mere accident, was submitted to the jury.

For this opinion we think the opinion of *Maule*, J., in *Barnes* v. *Ward*, 9 M. G. & S. 420, is a sufficient authority. He says, with regard to the objection that the deceased was a trespasser on the defendant's land at the time the injury was sustained, it by no means follows from this circumstance that the action cannot be sustained. A trespasser is liable to an action for the injury which he does, but he does not forfeit his right of an action for an injury sustained. Thus, in the case of *Bird* v. *Holbrook*, 4 Bing. 628; 1 M. & P. 607; the plaintiff was a trespasser, and

indeed a voluntary one, but he was held entitled to an action for an injury sustained in consequence of a wrongful act of the defendant, without any want of ordinary caution on the part of the plaintiff, although the injury would not have occurred if the plaintiff had not trespassed on the defendant's land. This decision was approved in *Lynch* v. *Marden*, 1 Q. B. 37; 4 P. & D. 677; and in *Jordin* v. *Crump*, 8 M. & W. 782.

So in *Birge* v. *Gardner*, 19 Conn. 507, it is said, it seems that the fact of the plaintiff's being a trespasser in the act which produced the injury complained of, will not necessarily preclude him from a recovery against a party guilty of negligence. 10 Dig. 9–11.

And in *Kerwhacker* v. *C. & C. Railroad*, 3 Ohio N. S. 172, it is held that the mere fact that one person is in the wrong, does not of itself discharge another from the observance of due and proper care towards him, or the duty of so exercising his own rights as not to injure him unnecessarily.

Upon these views we are of opinion that the instructions to the jury were suitable and proper, and that there should be

                          *Judgment on the verdict.*