RONALD A. BUSH, Respondent, *v.* LLOYD J. GOODNO, Appellant.

Fourth Department, June 30, 1931.

*Harold J. Adams* [*Percy R. Smith* of counsel], for the appellant.

*William J. Brock*, for the respondent.

TAYLOR, J. Plaintiff recovered a verdict of $7,500 against defendant in a negligence action, upon the following set of facts, stating them most favorably to plaintiff:

The New York Telephone Company was installing on poles a line of wire running easterly and westerly above and across Colvin avenue, which runs north and south in the village of Kenmore, Erie county, N. Y. The wire was extended across that avenue about eight to ten feet above the pavement. Telephone company workmen were located on the ground westerly of Colvin avenue behind some houses, and plaintiff, another telephone company employee, was on the third telephone pole easterly of the avenue, some 300 feet away. The wire was attached to him. On account of their distances from Colvin avenue and because of intervening buildings, these men would not ordinarily have been observed by a person driving a motor car with due caution northerly on Colvin avenue. No workman was on any pole near the avenue. There was nothing except the wire to give any indication of what work was going on. The wire was five-sixteenths of an inch in diameter, galvanized and uninsulated. The day was " brilliant bright," and the sky clear. Defendant was driving a truck northerly, the top of which was about one foot higher than that of an ordinary passenger automobile. Defendant testified that as he approached he saw no wire, but did see two men near the easterly curb. They testified that one of them, the foreman, stepped into the street when the defendant was over a block away from the wire, and repeatedly waved his arms and shouted at defendant, although he at no time pointed at the wire. Defendant drove on, the wire caught under the edge of the top of his truck and was pulled so hard that it dragged plaintiff off the pole and injured him severely.

The first question which confronts us is this: Was there sufficient proof of negligence in defendant? Whether such a mishap was reasonably to be apprehended had defendant known of the presence of the wire is a matter of doubt. (*Palsgraf* v. *Long Island R. R. Co.*, 248 N. Y. 339.) However, a determination of that question factually in plaintiff's favor would still leave plaintiff under a burden of proof, viz., the obligation to show that defendant saw or was bound to have seen the wire — at any rate to have stopped his truck in time to have avoided injuring plaintiff. Defendant

was driving along on smooth pavement. This wire was not easily visible, considering its size and character and the condition of the sky, and nothing was attached to it to warn vehicle drivers of its presence. Defendant says that he did not see the wire, and it seems improbable that had he seen it he would have deliberately run against it. Other automobiles had passed along without hitting it. Assuming that defendant suddenly saw the two men and that they shouted and gesticulated as they say they did, this would distract defendant's attention from the wire above and in front of him, rather than call his attention to it. Was an ordinarily prudent person bound, nevertheless, to see this wire? Was he bound to understand who the men in front of him were, whom they represented and what their actions meant, there being no construction truck or anything else which defendant could see in front of him on or near the street, indicating any reason for his stopping? The men on the street were not dressed to make it manifest that they were telephone company employees; they were dressed in ordinary citizens' clothes. Was it not reasonable that defendant, as he claims, drove right on because he thought that the men were " hitch hikers? "

There is good authority to the effect that a vehicle driver is not required to be on the lookout for wires extending across a street lower than the top of his vehicle. (*Western Union Telegraph Co.* v. *Eyser*, 2 Colo. 141; *Jacks* v. *Reeves*, 78 Ark. 426; 95 S. W. 781, 783.) The right of the telephone company to stretch its wires was always subject to the public user of the street. (*Sheldon* v. *Western Union Telegraph Co.*, 51 Hun, 591; affd., 121 N. Y. 697.) The following ordinance, introduced in evidence, was in effect in the village of Kenmore: " No telephone, telegraph or electric light wire, either main cable or individual service wire, shall be strung or placed along or across any street of the village, which shall be less than twenty feet above the surface of the ground. Any person violating this ordinance shall be subject and liable to a fine of ten dollars for each and every violation thereof."

A violation of this ordinance was evidence of an act of negligence in the telephone company. (*Schumer* v. *Caplin*, 241 N. Y. 346, 351; *Weaver* v. *Dawson County Mutual Tel. Co.*, 82 Neb. 696.) Either this mishap was due to the negligence of the telephone company employees in placing this wire where it was without adequately warning street users of its presence, or else the occurrence was a pure accident. (*Paul* v. *Consolidated Fireworks Co.*, 212 N. Y. 117, 120.)

Plaintiff was bound to prove that this unfortunate mishap was proximately due to the failure of defendant to use ordinary care in observing and avoiding this wire. He has failed to do so. On

this record the jury should not have been permitted to say that defendant, in the use of reasonable caution, should not only have seen this wire but should have apprehended that to drive on under it was likely to cause serious injury to person or property. The verdict was contrary to the evidence and the judgment and order appealed from should be reversed on the law and the complaint dismissed.

All concur. Present — SEARS, P. J., CROUCH, TAYLOR, EDGCOMB and CROSBY, JJ.

Judgment and order reversed on the law, with costs, and complaint dismissed, with costs.