LANGDON, Appellant, vs. CITY OF WEST ALLIS and another, Respondents.

*October 11—November 6, 1934.*

For the appellant there was a brief by *Quarles, Spence & Quarles,* attorneys, and *Victor D. Werner* and *Jefferson D. Burrus* of counsel, all of Milwaukee, and oral argument by *Mr. Werner.*

*Laurence C. Gram,* city attorney of West Allis, for the respondents.

WICKHEM, J.    On November 11, 1930, plaintiff was employed as a structural iron-worker, and was working upon a building being erected on Lapham street in the city of West Allis.   For the purpose of lifting steel-beams and other steel-

work into place, the contractor had set up inside of the curbing and in front of the building under construction a derrick consisting of an upright post, a boom, rope, tackle, and pulleys. °In order to support and keep in place the upright post or gin-pole, two ropes were fastened to the top of it and extended across Lapham street. One of these ropes was tied to a telephone-post on the side of the street opposite the gin-pole, and the other to the bumper of a car. The plaintiff, with another employee of the contractor, erected the derrick and set up the guy-ropes. The end of the guy-rope which was fastened to the telephone-pole was sufficiently near to the ground on the opposite side of the road to interfere with the free passage of automobiles and vehicles on that side of the street. The foreman requested one Rabik to remain on the street and warn vehicles of the presence of the guy-rope. At the time of the accident the employees were engaged in lifting a heavy steel-beam into a horizontal position for the purpose of attaching it to the portion of the structure already erected. Plaintiff was stationed about sixteen feet above the ground upon the beam that was being hoisted into place. At about this time defendant Marisch came along Lapham street in a truck and negligently failed to observe the guy-rope. The guy-rope was struck by the upper right-hand corner of the cab on the truck, causing it to break, the derrick to topple over, and plaintiff to fall from the place where he was stationed.

The foregoing facts are not seriously in dispute. No attack is made upon the findings of the jury that Marisch was negligent, nor is there any serious conflict in the evidence as to what occurred. Thus the legal consequences must be assessed in the light of such rules of law as are applicable and such inferences as are clearly to be drawn. The appeal presents two principal questions: First, was plaintiff, by his act in fastening the guy-wire in such a manner as to obstruct the

street, guilty of negligence as a matter of law; and, second, if he was, did this negligence contribute to his injury?

Sec. 66.05, Stats., reads as follows:

"Section 66.05 *Police regulations.* (1) *Privileges in streets.* (a) Privilege for an obstruction or excavation beyond the lot line, or within a highway in any town, village, or city, other than by general ordinance affecting the whole public, shall be granted only as provided in this subsection.

. . . . . .

"(2) *Building material and approaches in streets.* The council of any city of the fourth class, may by ordinance or resolution, provide for the use of not to exceed one-third in width of any or all of its streets adjacent to any proposed building, for the purpose of temporarily depositing thereon, building material and other articles necessary to be used in and about the construction of such building, and may by ordinance provide for the use of not to exceed three and one-half feet of its street or streets adjacent to any business building or proposed business building therein, to be used for approaches to such building, stairways to the basement floors of such building or openings for light to such basements."

It will be noted that this statute has to do with conditions upon which permits may be secured for obstructing public streets within a town, village, or city, and that it contains certain limitations on the power of the council to permit such obstructions. The council is authorized to permit the use of not to exceed one-third in width of any or all of its streets adjacent to any proposed building, for the purpose of temporarily depositing building material. In response to the authority of that section, and in conformance to its limitation, ordinance 822, sec. 1, sub. (a), of the city of West Allis, prohibits occupation of any public highway by depositing building or other material on the highway without a permit. It is provided that temporary occupation under a permit shall not cover more than one-third of the public highway; that the permission granted must be used in connection with the actual erection, alteration, repair, or removal of struc-

tures, and that the permit shall authorize the holder to obstruct only the one-third of the public highway *in front* of the premises. Sec. 1, sub. (d), of ordinance 822, provides:

"No guy lines shall be less than fifteen feet above the road bed outside of the confines of the street permit. . . ."

Sec. 8 of the same ordinance provides:

". . . Any person who shall violate the provisions of this section shall assume all liability and responsibility for any and all damages which may be sustained by any person or persons by reason of such violation of this section."

Sec. 15 of the ordinance imposes a fine or imprisonment for violation.

It is urged that this ordinance is a police regulation and not a safety measure, and that violation of it does not constitute negligence as a matter of law. Whatever may be said of other portions of the ordinance, it is plain that the provisions requiring that guy-ropes leave at least fifteen feet of clearance in the two-thirds of the highway not covered by a street permit is a safety measure. It is a positive prohibition, to be enforced by fine or imprisonment, and designed to promote safety, and neither plaintiff, the contractor, nor any one else could have secured a permit to erect a guy-rope in the position occupied by this rope. The erection of the guy-rope was plaintiff's act, was a violation of the ordinance, and establishes his negligence as a matter of law.

There remains only the question whether this negligence was a cause of the injury. It is contended that all plaintiff did in erecting the guy-line was to create a condition which might cause injury; that as long as the plaintiff stayed away from the proximity of the gin-pole or derrick, the mere fact of his erecting the rope could not contribute to his injuries; that the causal contribution of plaintiff to this injury, if indeed he made any, consisted of his going up upon the structure and taking such a position that he would be liable to fall

if an automobile struck the rope. Plaintiff contends that had some other workman, who had not set up the rope, climbed upon the structure, his negligence would have presented a question of fact for the jury; that the jury would have a right to conclude that such a workman might reasonably rely upon the visibility of the rope, the placing of a person to give warning, and the fact that this was a dead-end street, which was not heavily traveled, and conclude that he might safely station himself upon the structure. If another workman might do this, plaintiff asserts that he also might do so without being guilty of negligence as a matter of law.

The trial court relied upon *Anger v. Al. G. Barnes Amusement Co.* 183 Wis. 272, 197 N. W. 707. In that case plaintiffs erected a large clock on the outside edge of the sidewalk in front of their jewelry store, and the dial projected about one foot into the space above the street. No permit had been granted for maintaining the clock in this position. On the day in question a six-horse team, hauling a heavily loaded wagon along the street adjacent to the location of the clock, came in contact with the face of the clock, which projected over the curb. The clock was knocked down and plaintiffs sued to recover for damages to the clock. Upon appeal it was held that there was a plain causal connection between the location of the clock over the highway and the collision which produced the damages. The trial court here took the position that had one of the plaintiffs in the *Anger Case* been stationed on top of the clock as it fell, the case would be parallel to the case at bar, and plaintiffs could no more have recovered for personal injuries than for injuries to the clock.

We are of the opinion that the conclusion of the trial court was correct, and that plaintiff, having negligently created the obstruction that gave rise to the accident, cannot isolate his negligence in creating the obstruction, from his act in stationing himself upon the structure, and thus create a jury

question as to contributory negligence. The condition created by him persisted down to the time of the accident and was a substantial cause of it. Whether plaintiff was also contributorily negligent with respect to placing himself upon the beam is immaterial, since there is no basis upon which the erection of the rope can be dismissed as a contributory cause. The foregoing conclusions make unnecessary a discussion of other contentions in plaintiff's brief.

*By the Court.*—Judgment affirmed.