HASZCZYN *v.* DETROIT CREAMERY CO.

1. HIGHWAYS AND STREETS—BARRICADE—NEGLIGENCE.

Employees whose work requires them to be in or upon public streets and also requires obstructions in or about such streets which otherwise would be in violation of law are not necessarily guilty of negligence in performing their work, their duty being to take reasonable precautions to guard against possible injury resulting from such unusual conditions.

2. SAME — ROPE ACROSS STREET — STATUTES—CONTRIBUTORY NEGLIGENCE—AUTOMOBILES—QUESTIONS OF FACT.

In action by plaintiff, a foreman of crew of city employees engaged in removing a large tree from a curb lawn, against owner of truck which caught an inch and a half rope stretched from tree to a pole on opposite side of street just over 9 feet above street, where evidence showed a truckload of limbs on the pavement and while there were no barricades raised, a workman was stationed to warn traffic and did signal defendant's driver, question of whether stretching of rope across the street in violation of statute prohibiting erection of fixtures less than 15 feet above traveled portion of road or whether operation of defendant's truck at speed of 25 to 30 miles an hour proximately caused the injury to plaintiff, working on tree 35 feet from ground, *held,* questions of fact properly left to jury (1 Comp. Laws 1929, § 4056).

3. NEGLIGENCE—DETERMINATION AS ISSUE OF FACT OR LAW.

Determination of whether issue of negligence or of contributory negligence is one of fact or one of law depends upon particular circumstances of the individual case.

4. HIGHWAYS AND STREETS—MUNICIPAL EMPLOYEES—NEGLIGENCE—QUESTIONS OF FACT.

Whether or not municipal employee, engaged in work of keeping streets in a condition of safety, used due care for his own safety while removing large tree from curb lawn *held,* question of fact under circumstances since it was necessary this public work be done in the street.

5. APPEAL AND ERROR—WEIGHT OF EVIDENCE—WITNESSES.

Verdict and judgment for plaintiff, a foreman in charge of crew of city employees removing a large tree from curb lawn, in action against defendant truck owner for injuries received when truck caught an inch and a half rope which had been stretched from tree on which plaintiff was working to pole on opposite side of street, *held*, not against weight of the evidence where claims of each side found support in testimony of respective employees and of disinterested eyewitnesses.

6. SAME—DAMAGES—EXPECTANCY—REMITTITUR.

Verdict and judgment for plaintiff in action for personal injuries against defendant truck owner is affirmed for full amount thereof where matter of remittitur was not presented in defendant's motion for a new trial, trial court instructed jury that plaintiff who testified he was 39 at time of injury had an expectancy at time of trial a year and a half later of 28 years, mortality tables show expectancy of 28.18 years at age 40, and record does not permit correction of inconsequential error, if any, by way of remittitur with any degree of certainty as to accuracy (3 Comp. Laws 1929, § 12397).

WIEST and CHANDLER, JJ., dissenting.

Appeal from Wayne; Merriam (De Witt H.), J. Submitted April 16, 1937. (Docket No. 123, Calendar No. 39,476.) Decided October 4, 1937.

Case by Dan Haszczyn against Detroit Creamery Company, a Michigan corporation, for personal injuries sustained when defendant's truck was negligently driven into a guy rope. Verdict and judgment for plaintiff. Defendant appeals. Affirmed.

*Paul W. Tara* and *Julien Winterhalter,* for plaintiff.

*Vandeveer & Vandeveer,* for defendant.

NORTH, J. This is a case in which plaintiff alleged he sustained personal injuries because of the

negligent manner in which defendant's truck was operated. On trial by jury plaintiff had verdict and judgment and defendant has appealed. Appellant claims its motion for a directed verdict should have been granted both on the ground that there was no testimony of negligence on the part of defendant's driver which was the proximate cause of the accident, and also on the ground that plaintiff was guilty of contributory negligence. Appellant further claims the verdict was against the weight of the evidence.

Plaintiff and four other city employees, of whom he was foreman, were engaged in removing a rather large tree from the curb lawn on the easterly side of Charest street in the city of Hamtramck. With one exception the limbs had been removed from the body of the tree. There was a truckload of such limbs lying on the pavement opposite where the tree was being removed. Plaintiff tied a rope around the trunk of the tree 18 or 20 feet from the ground. He directed his helpers to tie the other end of the rope to a pole on the opposite side of the street. This pole was about 20 feet high. The rope was tied at a height of four to five feet from the ground. This was done as plaintiff directed. Charest street runs north and south and at the point where plaintiff was working the pavement was about 20 feet wide. Plaintiff was working on the tree that was to be removed and was about 35 feet up from the ground. Just at this time defendant's truck, driven by its employee, was proceeding in a southerly direction along the westerly side of the street and attempted to pass under the rope. But the front corner of the right hand side of the body, just back of the cab, caught the rope and plaintiff was thrown to the street and injured. There is conflict in the

testimony as to the rate at which the truck was driven. Plaintiff's witnesses testified that it was going at the rate of 25 to 30 miles per hour and did not stop until after it had struck the rope. On the other hand defendant's witnesses claim that the driver of the truck reduced its speed to about five miles an hour as it came near to the rope. As bearing upon plaintiff's contributory negligence, he being the foreman of the gang that was doing this work, defendant stresses the claim that the street was not barricaded nor were red flags or danger signs put out, or a policeman present, or the vehicular traffic otherwise checked. But Rudolph Haussman, one of the men engaged in this work, testified that he was standing in the street watching traffic and that when defendant's truck was approximately 400 feet from the point of the accident he held up his hand for the purpose of stopping it. Other witnesses corroborated this testimony.

In support of its contention that the trial judge should have directed a verdict in its favor on the ground that plaintiff was guilty of contributory negligence as a matter of law, appellant stresses the fact that plaintiff was the foreman of the men engaged in removing the tree and directed the manner of placing the rope; and in this connection appellant in part relies upon the statutory provision relative to obstructions and encroachments upon the highways.

"In no case shall * * * any wires, cables or other fixtures be placed, or be permitted to remain, at less height than fifteen feet above any part of the traveled portion of the road." 1 Comp. Laws 1929, § 4056.

The height of defendant's truck was nine feet four and a half inches, and at the point which contacted the rope the height was about two inches less. It is defendant's contention that the proximate cause of plaintiff's injury was the stretching of the rope under plaintiff's direction across the street in violation of the above quoted statute. If there were no qualifying circumstances disclosed by the testimony, defendant's contention that violation of the statutory provision was negligence *per se* on the part of plaintiff and a bar to recovery would be sound. But that result does not follow unless such negligence was the proximate cause of the accident. *Arvo* v. *Delta Hardware Co.*, 231 Mich. 488; *Cothran* v. *Benjamin Cleenewerck & Son*, 235 Mich. 351. Under this record it cannot be said as a matter of law that such negligence was a proximate cause of plaintiff's injury.

Employees whose work requires them to be in or upon public streets and also requires obstructions in or about such streets which otherwise would be in violation of law, are not thereby necessarily guilty of negligence in performing their work. But such employees must take reasonable precaution and use reasonable means to guard against possible injury resulting from such unusual conditions. In the instant case it was clearly a question of fact as to whether plaintiff complied with this requirement. If he did, then placing the rope across the street was not in law a proximate cause of this accident, otherwise it was a proximate cause. The court charged the jury that:

"As it is stated in the defendant's request to charge, before the plaintiff can recover, he must establish by a preponderance of the evidence; first,

that he was free from any negligence which proximately contributed to his accident and injury.''

After reading to the jury the statutory provision hereinbefore quoted (1 Comp. Laws 1929, § 4056) the circuit judge also said:

''I further charge that in doing this work, it became the duty of the plaintiff to bear in mind the provisions of the statute just read to you, and to comply with the same if it could be reasonably done, and further that if you find that the plaintiff and his crew of men engaged in removing the tree in question failed to comply with this section of the laws of the State of Michigan, this would not necessarily bar plaintiff's recovery unless you should find that such violation caused or contributed to the accident. Whether such a causal relation existed between plaintiff's failure and the accident is a question for you as jurors in this case to decide.''

There is testimony that plaintiff stationed a workman to stop or warn traffic, that the workman seasonably did signal defendant's truck driver to stop and that the truck driver saw the signal and the guy rope, but continued to drive at an excessive rate of speed. Notwithstanding defendant's driver testified he understood the signal as one to proceed, under all the testimony in this record clearly a question of fact was presented as to whether the rope stretched across the street was the proximate cause of this accident or instead, in view of all the precautions taken by plaintiff, whether the proximate cause was the rate of speed at which defendant's driver approached an obvious condition in the street and in so doing entirely ignored the warning given him to stop. The trial court was right in refusing to hold as a matter of law that plaintiff could not recover because of contributory negligence.

It cannot be said from the record that there is no testimony of negligence on the part of the driver of defendant's truck, which negligence had a causal connection with the accident. There is testimony that the driver was given fair warning to stop. Workmen were about the place of the accident. A large quantity of limbs already cut from the tree was lying on the pavement at the point where the rope was stretched across the street. As defendant's truck approached, the driver observed this inch and a half rope extending from the pole across the street and he did or should have observed the limbs piled across the pavement, and the workmen. Notwithstanding all this, according to some testimony, the driver continued towards the point of accident at a rate of 25 to 30 miles per hour. Under such a record appellant's contention that there is no testimony sufficient to establish actionable negligence on the part of the defendant cannot be sustained.

Appellant relies much upon the following cases in support of his contention that plaintiff herein should be held to have been guilty of contributory negligence as a matter of law. *Hatfield* v. *White Line Motor Freight Co., Inc.,* 223 Iowa, 7 (272 N. W. 99); *Langdon* v. *City of West Allis,* 216 Wis. 325 (257 N. W. 8); and *Bush* v. *Goodno,* 233 App. Div. 152 (251 N. Y. Supp. 271).

It may be stated as a general proposition that determination of whether the issue of negligence or of contributory negligence is one of fact or one of law depends upon the particular circumstances of the individual case. In the instant case, unlike any of the cited cases, the work being carried on, instead of being private work, was the work of the municipality incident to keeping its streets in a condition

of safety. Plaintiff, as an employee of the municipality, not only had a right to carry on this work in the street, but it was necessary that it should be done in the street. To be sure, plaintiff was bound to exercise reasonable care for his own safety; but, as noted above, under the circumstances of this case we think an issue of fact was presented in this particular. In the *Hatfield Case, supra,* it does not appear that the driver of the approaching truck was warned to stop as he came near the rope extending across the street, and it does appear that plaintiff's decedent was guilty of negligence in sitting upon another guy rope as a means of taking out the slack instead of tightening the rope and retying it. Had he not done this he would not have been injured. In the *Langdon Case, supra,* the ordinance which was alleged to have been violated by extending the rope across the street, expressly provided that any person who violated the ordinance in this particular assumed all liability for any and all damage resulting from such violation. Here again the record fails to disclose that the foreman caused the driver of the approaching truck to be warned of the rope over the highway. There was testimony that the foreman requested a man to remain on the street and warn approaching vehicles, but it does not appear from the court's opinion that the testimony disclosed such warning was given. Notwithstanding this the foreman voluntarily placed himself in a position of danger and because of his having done so he was held to have been guilty of contributory negligence. In the *Bush Case, supra,* the plaintiff was one of a crew of telephone men engaged in constructing a telephone line. He ascended a pole while a telephone wire attached to his body extended several hundred feet in a westerly direction and across the street upon which defendant was driving

his truck. The wire was not at a sufficient height to clear the top of the truck. The defendant did not see and presumably could not see the galvanized telephone wire which was only five-sixteenths of an inch in diameter. Notwithstanding there was testimony of an attempted warning to the driver, the truck passed over the intersecting street, caught the wire and dragged plaintiff from the pole on which he was working. Here again plaintiff, by attaching the wire to his person under such precarious circumstances as were disclosed by the record was clearly guilty of negligence which had a causal relation to the accident. The court held that the mishap was either due to the negligence of the telephone company's employees, "or else the occurrence was a pure accident." Notwithstanding the holding in the three cases above cited, and in others noted in appellant's brief, we are of the opinion that in the instant case the trial court properly held that an issue of fact was presented both as to the negligence of the driver of defendant's truck and as to plaintiff's contributory negligence.

Appellant urges that he should be granted a new trial on the ground that the verdict was against the weight of the evidence. The theory upon which plaintiff recovered was sustained by facts testified to by himself and four of his fellow workmen. There was further support for plaintiff's claim in the testimony of a disinterested eyewitness. On the defendant's side of the case we find the testimony of the truck driver and his helper who in material particulars are corroborated by the testimony of at least one disinterested eyewitness. These and three other witnesses appeared for defendant. It is not within the province of this court under conditions such as are presented by this record to attempt to pass upon the credibility of the respective witnesses

and substitute its judgment for that of the jury in determining controlling issues of fact.

Appellant contends further that because of an error in the charge of the court there should be a remittitur of damages to some extent. Plaintiff testified he was 39 years old at the time of the accident. The verdict of the jury was rendered about a year and a half after the accident. In his charge the circuit judge referred to the mortality tables and stated "plaintiff has a life expectancy of 28 years from his present age." Presumably in giving his charge the trial judge assumed, and for all that appears in the record correctly so, that at the time of the trial plaintiff was slightly past 40 years of age. From the mortality tables it appears that at the age of 40 years the expectancy is 28.18 years.* The court reduced the expectancy to an even 28 years. The error, if any, was too inconsequential to justify this court in attempting to make a correction by way of a remittitur of damages. It was not presented to the trial court in defendant's motion for a new trial. Because of the lack of essential facts in the record error does not definitely appear and a correction cannot be made with any degree of certainty as to accuracy.

Our view of this record brings us to the conclusion that the judgment entered in the circuit court should be affirmed and it is so ordered. Costs to appellee.

Fead, C. J., and Butzel, Bushnell, Sharpe, and Potter, JJ., concurred with North, J.

Wiest, J. (*dissenting*). I am of the opinion that the judgment should be reversed, with costs and without a new trial.

The statute is a safety measure and one who violates its provisions and is injured thereby, even

---

* See 3 Comp. Laws 1929, § 12397.—Reporter.

under attempted and unsuccessful stoppage of traffic, is guilty of contributory negligence as a matter of law. It was not only a violation of the statute but, in and of itself, a negligent act to fasten the rope across the street in the manner shown. Defendant may have been guilty of negligence but I am satisfied that plaintiff, who directed the placing of the rope and then went up into the tree and there followed the result quite likely to happen by the negligence of another, was guilty of contributory negligence as a matter of law.

In *Langdon* v. *City of West Allis*, 216 Wis. 325 (257 N. W. 8), it was held, quoting syllabus:

"A provision of a city ordinance, enacted under authority of section 66.05, Statutes, and requiring that guy-ropes leave at least fifteen feet of clearance above the road-bed outside the confines of a street permit, was a safety measure, the violation of which constituted negligence as a matter of law, as respects the right of a structural steel-worker, who had erected and stretched across a street a guy-rope supporting a derrick, to recover for injuries sustained when a truck struck the guy-rope.

"The negligence of the worker in stretching the guy-rope across the street too near the ground in violation of the ordinance is *held* as a matter of law to have contributed to his injury when the defendant's truck struck the guy-rope, causing the derrick to fall and injure the worker who was assisting in hoisting a beam into place."

In that case—

"One of these ropes was tied to a telephone-post on the side of the street opposite the gin-pole, and the other to the bumper of a car. The plaintiff, with another employee of the contractor, erected the derrick and set up the guy-ropes. The end of the guy-rope which was fastened to the telephone-pole was

sufficiently near to the ground on the opposite side of the road to interfere with the free passage of automobiles and vehicles on that side of the street. The foreman requested one Rabik to remain on the street and warn vehicles of the presence of the guy-rope.''

See, also, *Hatfield* v. *White Line Motor Freight Co., Inc.*, 223 Iowa, — (272 N. W. 99); *French* v. *Inhabitants of Brunswick*, 21 Me. 29 (38 Am. Dec. 250); 5 Thompson on Negligence (2d Ed.), § 6022, and *Bush* v. *Goodno*, 223 App. Div. 152 (251 N. Y. Supp. 271).

Chandler, J., concurred with Wiest, J.