## ARGUED AND DETERMINED

### IN THE

# SUPREME COURT

### OF

# NORTH DAKOTA

THE SECURITY NATIONAL BANK OF FARGO, a Corporation, Plaintiff and Respondent, v. T. J. DOUGHERTY et al., Defendants. T. J. DOUGHTRTY, Defendant and Appellant.

(204 N. W. 847.)

**Pleadings — pleading, as an attack amounting to oral demurrer at trial, must state facts sufficient to constitute defense.**

1. While, as against an attack which amounts to an oral demurrer to a pleading interposed upon the trial, courts will construe the pleading attacked with great liberality, yet, to be sufficient, such pleading must state facts sufficient to constitute a defense according to the settled rules of pleading liberally applied, and statements of mere conclusions, either of fact or law, are insufficient. The amended answer herein construed and *held* insufficient to state either the defense of fraud in the inception of the debt or in the procurement of the note sued upon.

**Appeal and error — on failure of answering defendant sufficiently to plead defenses, whether he was estopped to urge such defenses not decided.**

2. Where the answering defendant had not sufficiently pleaded certain defenses, it is unnecessary to decide whether or not he was estopped by his conduct to urge such defenses.

**Judgment — several judgment by default against corporation, liable jointly and severally with answering defendant, and proceedings thereunder, not defense.**

3. The entry, on default, of a several judgment against the corporate de-

53 N. Dak.—1.

fendant which was liable jointly and severally with the answering defendant and proceedings under that several judgment which did not result in the payment of the note, or any part thereof, being authorized by law, are not a defense available to the answering defendant.

Opinion filed July 8, 1925.

Appeal and Error, 4 C. J. § 2541 p. 649 n. 36. Bills and Notes, 8 C. J. § 1216 p. 930 n. 62. Judgments, 34 C. J. § 1398 p. 979 n. 88. Pleading, 31 Cyc. p. 55 n. 12; p. 82 n. 11.

Appeal from the District Court of Cass County, *Cole,* J.

Affirmed.

*Usher L. Burdick,* for appellant.

That as between the original parties to the note and transferees and the bona fide purchasers, a renewal note is open to all defenses good against the original note, in the absence of a new consideration or estoppel. Anthon State Bank v. Bernard, 191 N. W. 283.

The obligor may be estopped where the failure of consideration, or the defect alleged, is occasioned by his noncompliance with his own agreement or obligation; by executing the note with full knowledge of the defects in the consideration or of facts relieving him from his liability, as in the case of renewal notes or indorsements. 8 C. J. 724, 725.

A delay of several years in claiming a failure of consideration, and also the execution of a new note to the transferee does not estop the maker from showing that he did so on the supposition that the transfer was made for value, or from setting up the defense of failure of consideration. Kirkpatrick v. Murhead, 16 Pa. 117; Stricklund v. Graybill, 34 S. E. 475.

*J. J. Mulready,* for respondent.

A pleading alleging that a party fraudulently represented, followed by a statement of the representation complained of, which does not of itself necessarily constitute fraud, as facts, and not conclusions, must be set out. Crosby v. Ritchey, 47 Neb. 924, 66 N. W. 1005.

In pleading fraud, it is necessary to set out the facts relied upon for relief. Ibid.

A general answer of fraud is not good. Fraud is shown by facts

and under the code they must be stated. Swope v. Fair, 18 Ind. 300.

When a judgment is obtained on a note or bill, the bill or note is thereby extinguished and merged in the judgment. Petrie v. Manny, 99 Wash. 601, 170 Pac. 127, 1 A.L.R. 1595, note.

WOLFE, District J. Appeal from a judgment of the district court of Cass county, in an action brought by plaintiff against defendants upon a promissory note for $500.00 made by the individual defendant and endorsed by the corporate defendant. The complaint states a cause of action against both defendants, jointly and severally. The corporate defendant did not answer and, on proof of such default, a several judgment was entered against it. Upon the return of an execution upon that judgment nulla bona, the trial court, upon plaintiff's application, appointed a receiver of the property of the corporate defendant. It appeared upon the trial, however, that such proceedings had not resulted in the payment of the note or any part of it.

The individual defendant answered and amended his answer before the trial. Upon the trial, the plaintiff took steps to attack the sufficiency of this answer, which amounted to a demurrer ore tenus. When the trial court intimated that he thought that answer was insufficient, the answering defendant asked leave to make and file a new amended answer, which leave was granted and the amended answer which is for our consideration was made, served and filed during the course of the trial. Plaintiff's counsel then made the same attack upon this last amended answer as he had made upon its predecessor. The trial court held the answer insufficient to state any defense except the one that the note sued upon was made and delivered without consideration. A jury was empaneled; the plaintiff introduced evidence of the execution and delivery of the note for full value, and that it was due and unpaid, making a prima facie case.

The appellant assigns a number of errors upon the admission and exclusion of evidence, but they all relate to and are based upon matters which were rightly ruled if the holding of the trial court as to the insufficiency of the amended answer to state a defense be correct, and, as a consideration of that question may determine all those relating to these assignments, that question will be first considered.

The defendant made offers of proof in substance, as alleged in his

amended answer, relative to the suggested fraud in the inception of the debt and fraud in procuring the note in suit. Objections to these offers on grounds substantially that they were not within the issues were sustained. When both parties had rested, the trial court, of its own motion, directed the jury to return a verdict for the plaintiff and against the defendant for the full amount of the note. Upon such verdict judgment was entered and this appeal is from that judgment.

The first and controlling question is upon the sufficiency of the amended answer to state fraud in the inception of the debt, or in the procurement of the note. A mere inspection of the answer is sufficient to make it appear that the ruling of the trial court upon it was right. While, as against a mere objection to the introduction of any evidence, interposed on the trial, on the ground that the answer fails to state facts sufficient to constitute a defense, the courts will construe the pleading attacked with great liberality, yet, to be sufficient, such pleading must state facts which, if established, will constitute a defense, and such statement of facts must be in accordance with the well settled rules of pleading, when such rules themselves are liberally applied. Statements of mere conclusions, either of fact or law, are not sufficient. Read in the light of these elementary rules, the answer attacked is clearly vulnerable to the objection made. For illustration, the attempt to plead fraud in procurement of the note sued upon is in the following words:

"That prior to the time the defendant signed said note, said James Grady as president of said bank falsely and fraudulently represented to the defendant that said plaintiff was the holder of a certain other note for which payment or renewal was asked and that said bank was a holder in due course and for value and without notice, and said James Grady further represented that the defendant would have to pay said note although the original note was given through fraud and misrepresentation of the original payee; all of which the defendant believed and relied upon at said time."

Aside from the fact that the representations stated are mere conclusions and not statements of ultimate facts, this pleading is hopelessly insufficient because, if for no other reason, it fails to even attempt to state in what the falsity of the representations consists; in

other words, it entirely fails to state what the truth really was, as the pleader claimed it to be. This is a prerequisite to good pleading.

The attempt to plead fraud in the inception of the debt is defective for the same reasons and for others which need not be further noticed. As all the evidence offered and rejected bore upon these two matters, it is clear that it was not within the issues and the objections to it were properly sustained. This left the plaintiff's case entirely undisputed, supported by ample credible evidence, and when the case was closed it was the duty, as well as the right, of the trial court to direct the verdict, no procedural objection being interposed.

The trial court intimated that, on the record, the defendant by his conduct, was estopped to set up either of the frauds mentioned. Whether this was right or wrong, we need not decide, because the record demanded the same result without consideration of the estoppel. It is elementary that a right judgment will not be reversed because a wrong reason may have been given for its entry.

The entry, on default, of a several judgment against the corporate defendant which was liable jointly and severally with the answering defendant, and proceedings under that several judgment which did not result in the payment of the note or any part of it, can not be a defense available to this defendant. Such proceedings expressly are authorized by statute.

The judgment appealed from is affirmed.


CHRISTIANSON, Ch. J., and JOHNSON, BIRDZELL, and NUESSLE, JJ., concur.

Judge BURKE, being disqualified, did not participate. Honorable CHAS. E. WOLFE, Judge of the District Court of the Third Judicial District, sitting in his stead.