Bill was filed by the complainant Weimar Storage Company to restrain the defendant, the motor vehicle commissioner, from suspending the registration of complainants' motor vehicles, and an order to show cause with interim restraint was made. On the return of the order to show cause the defendant moved to strike out the bill. By consent the restraint was continued and the cause submitted as on final hearing, on the motion to strike out the bill.
Meanwhile similar bills were filed by twenty-two other complainants, all of which causes were consolidated with the first. Bills somewhat similar, but differing in one or two particulars, were also filed by five other complainants, in which suits procedure was taken similar to that in the consolidated cause, and these suits came on for hearing at the same time.
The threatened suspension of motor vehicle registration by the defendant was in conformity with the duty imposed upon him by section 2 of the statute (P.L. 1927 c. 184) imposing an excise tax on the use of the state highways.
The main question is the constitutionality of that statute, a question common to all the suits.
Admittedly, if the statute be unconstitutional, all the complainants are entitled to decree for the injunctive relief sought. One or two of the complainants claim to be entitled to such relief even if the statute be held constitutional on the ground that the act, under its express terms, does not apply to them. Those of the complainants who are in the business of carrying property allege some grounds of unconstitutionality, *Page 309 
in addition to the grounds urged by those in the business of carrying passengers.
The act is entitled,
"An act to provide for the laying of an excise on the use of highways of this state by motor vehicles operated for the purpose of carrying passengers or property for hire in interstate commerce."
By section 1 it is provided that every one engaged in transportation as a common carrier of persons or property, operating any motor vehicle over any highway in this state for the purpose of transporting for hire persons or property "between fixed termini or over a regular route from a place or places outside the state to a place or places outside the state, or from a place or places outside the state to a place or places within the state, or from a place or places within the state to a place or places outside the state" shall pay "as an excise on the use of such highway" three-quarters of a cent for each half mile so operated. Trolley and railway cars are excluded.
By section 3 the moneys so received are appropriated to the construction and maintenance of state highways.
The allegations in the bill of Rabinger-Kramer, Incorporated, show that that concern is not a common carrier, but a private carrier transporting under contract with a single customer. By the express terms of the statute the tax is imposed only on those transporting as common carriers. The statute, being a tax measure, is to be strictly construed, and cannot in anywise be extended by implication to cover a private carrier. Rabinger-Kramer, Incorporated, is therefore entitled to decree for injunction irrespective of the constitutionality of the act.
By article 1, section 8, subsection 3, of the constitution of the United States, the power to regulate commerce among the several states was given to congress. That power is exclusive; no state may enact any statute regulating such commerce. Each state has the power to tax the property within its own territory; but this power to tax is restricted by — and may not be used so as to interfere with — the power of *Page 310 
congress over interstate commerce. Brown v. Maryland,25 U.S. 419 (at pp. 448, 449.) It was there held that a statute imposing a license tax upon importers and those selling imported goods was unconstitutional as interfering with the congressional power to regulate commerce; and it is there pointed out that it is the substance and not the form of the legislation which is material — that a tax on the occupation of selling an article is substantially the same as a tax on the sale itself (the sale of goods imported for the purpose of selling, being obviously a part of interstate or foreign commerce), and that the taxation of goods in transit in interstate commerce or the taxation of the transportation of such goods would be equally outside the power of the several states.
That the statute now before the court does this very thing, seems so clear as to be beyond argument. A tax upon the use of highways in interstate commerce is in substance a tax upon transportation of the goods or persons carried, and is obviously a burden upon such interstate commerce, and an interference with the power of congress in that behalf. The carriage of persons is, of course, just as much interstate commerce as the carriage of goods. Gibbons v. Ogden, 22 U.S. 1 (at p. 215 et seq.)
By express terms the present statute imposes a direct tax on the mileage of state highways used in interstate journeys by those engaged in the business of transporting, for hire, persons or property from one state to another (which, of course, is interstate commerce). The tax is only imposed upon those engaged in such interstate commerce, and it is only imposed upon them in respect to the mileage used in interstate journeys — not on such mileage as they may use in journeys wholly within this state. Moreover, the title of the act clearly states, and limits, its purpose as taxing the use of highways "in interstate commerce."
It is true that a state which has expended moneys in creating or improving facilities used in commerce may lawfully, for the purpose of obtaining a fair remuneration for the cost of construction and maintenance thereof, impose a charge for the use of those facilities, so long as it is fair and reasonable. *Page 311 Kane v. New Jersey, 81 N.J. Law 594; affirmed, 242 U.S. 160;Clark v. Poor, 274 U.S. 554.
The fact that such a charge is required of those engaged in interstate commerce is common with all other users of the facilities, does not make such a statute invalid as regulating interstate commerce or taxing an incident of interstate commerce. The charge in such a case is not upon interstate commerce or on any incident thereof, but a charge as an owner or provider of the facility, on the use of the facility by all, by those not engaged in interstate commerce as well as by those who are so engaged.
So, in Packet Co. v. St. Louis, 100 U.S. 423, it was held that an ordinance, passed under state authority, by a city which owned improved wharves maintained for the benefit of those engaged in commerce, which ordinance provided for the payment of reasonable fees by all who used such wharves, for the purpose of remunerating the city for the cost thereof, was valid and not in contravention of the interstate commerce clause.
But in Guy v. Baltimore, 100 U.S. 434, where the ordinance imposed the fees only on vessels transporting goods not produced in the State of Maryland, it was held that the ordinance must be deemed to impose a tax on interstate commerce, and be therefore invalid.
The exaction of a fee for the use of highways seems quite analogous to the exaction of a fee for the use of wharves. It would seem entirely lawful for a state to charge a fair and reasonable fee for the use of its highways, where such charge is imposed upon all users, and it was so held in Kane v. NewJersey, 242 U.S. 160, and in Clark v. Poor, 274 U.S. 554.
Conversely, and in conformity with Guy v. Baltimore, supra, it would seem equally clear that a statute imposing fees for the use of the state highways, not upon all users but only upon those users engaged in interstate commerce, must be held unconstitutional and invalid. That such must needs be the determination is indicated by the significant statement in the opinion in Clark v. Poor, supra. "there is no suggestion that the tax discriminates against interstate commerce." *Page 312 
So far as concerns those complainants engaged in the business of carrying property and not passengers, the argument is not available to defendant that there is other legislation exacting substantially similar revenue for highway purposes from intrastate users; there is no such legislation.
In the case, therefore, of Weimar Trucking Company, and the twenty-two other complainants in the consolidated cause, the statute must be held unconstitutional, and hence invalid, as imposing a tax upon an incident of interstate commerce. Those complainants are entitled to decree for injunction.
It is urged by the attorney-general that as against the complainants in the five other suits, who are engaged in the business of carrying passengers and not property, the statute cannot be deemed unconstitutional, because of the act concerning auto buses (P.L. 1916 ch. 136, amended P.L. 1926 ch. 144), which imposes a tax of five per cent. of gross receipts, "for revenue for the use of the streets," upon those engaged in carrying passengers for hire within the state; that by this act a tax is imposed on the use of the state highways in intrastate passenger commerce, and hence the 1927 statute is not discriminatory against interstate traffic, but merely equalizes it with intrastate traffic; that the unconstitutional provisions of the act may be eliminated by exscinding their applicability to carriers of property, leaving it valid and enforceable against carriers of passengers.
It may well be doubted whether an act in itself clearly contravening the federal constitution may be cured by reason of the existence of a totally separate and distinct statute, the constitutionality of the one act being thus open to variance from time to time according as the second and separate act might be amended, repealed or re-enacted. It may also be doubted whether (if this first doubt be resolved in favor of defendant) theprima facie invalidity of the 1927 statute can be cured or prevented unless it appear that the provisions of the other statute impose substantially similar charges on the use of the highways in intrastate passenger traffic. That the Auto Bus act has that effect, does not appear either from its terms or from anything else in these cases. These questions *Page 313 
need not now be determined, however, since the act must on other grounds be held unconstitutional and invalid as respects the passenger-carrying complainants.
Even if the tax imposed by the statute now sub judice were lawful and valid, section 2 of the act would still render the statute unconstitutional and invalid, because the suspension of the registration license of the carriers engaged in interstate commerce would deprive them of the right to carry on their business through this state. A state may not, even as a means of enforcing the payment of a lawful tax, enact that for the non-payment of such lawful tax the right of a person engaged in interstate commerce to transact such interstate commerce within the state shall be forfeited. St. Louis, c., Railway Co. v.Arkansas, 235 U.S. 350 (at p. 368).
Injunction against the operation of this particular section is the very relief sought by all the complainants, so that there is no possibility of exscinding or separating this section in the instant cases.
It may also be pointed out that the statute in question is invalid because of contravention of the federal constitution in another respect. By section 1 of the fourteenth amendment, no state may "deny to any person within its jurisdiction the equal protection of the laws." The legislative powers of a state are thereby limited to the extent that it may not enact laws which do not have equal application to all who are in the same situation or circumstances.
A statute may distinguish between different situations and circumstances; it may operate differently upon such persons as are classified together because of one set of circumstances from its operation on the persons coming under another classification. But it must "operate equally and uniformly upon all persons in similar circumstances." Kentucky Railroad Tax Cases,115 U.S. 321, 337. Hence, it must operate equally and uniformly on all persons in each class, and classifications may not be made by arbitrary selection so that persons who are actually in similar circumstances are placed in different classifications.
The classification made by the statute "must be based upon some real and substantial distinction, bearing a reasonable *Page 314 
and just relation to the things in respect to which such classification is imposed." Southern Railway Co. v. Greene,216 U.S. 400 (at p. 417.) The classification must be "reasonable, not arbitrary," and must "rest upon distinctions having a fair and substantial relation to the objects sought to be accomplished by the legislation." Atchison, c., Railway v.Vosburg, 238 U.S. 56 (at p. 59). So, also, Power Mfg. Co.
v. Saunders, 274 U.S. 490; Quaker City Cab Co. v.Pennsylvania, 277 U.S. 389.
The statute sub judice quite obviously has for its object the collection, from motor vehicles using the state highways, of a charge for such use towards defraying the cost of construction and maintenance. It places in one class, subject to the tax, common carriers of certain kinds, and places in another class, exempt from the tax, all other motor vehicles.
Common carriers may properly be placed in a separate class and charged a higher rate than other vehicles. Clark v. Poor,supra. But it is not a reasonable classification to impose the tax only on common carriers and exempt all other vehicles, including carriers not common carriers. There are many commercial trucks engaged as private carriers, or operated by private concerns, which carry as heavy loads and are responsible for as much wear and tear on the highways as common carriers.
A tax may be imposed upon carriers, including those engaged in interstate commerce; but it is not a reasonable classification to impose a tax on interstate carriers or commercial vehicles and exempt like carriers who operate entirely within the state.
Nor does it appear to be a reasonable classification to tax commercial vehicles operating "between fixed termini or over a regular route," and to exempt all others, including the innumerable delivery trucks, many of which (such as those delivering building materials) carry heavy loads.
In Quaker City Cab Co. v. Pennsylvania, supra, a statute imposing a gross receipts tax on incorporated operators of taxicabs, and not on individual or partnership operators, has recently been held an arbitrary and unreasonable discrimination, and hence invalid. *Page 315