[File No. 6307.]

STATE OF NORTH DAKOTA, Respondent v. NELS GOESON
and Rollie Lind, Doing Business as the Dakota Transfer and
Storage Company, Appellants.

(262 N. W. 70.)

Opinion filed May 2, 1935.   Rehearing denied July 23, 1935.

708

*Franklin J. VanOsdel,* for appellants.

*P. O. Sathre,* Attorney General, and *J. A. Heder,* Assistant Attorney General, for respondent.

Burr, J. In an action brought by the state, under the provisions of chapter 162 of the Session Laws of 1933, to collect a mileage charge upon trucks of the defendants used solely in interstate commerce, the defendants answer alleging that such statute is unconstitutional, as violative of §§ 8, 9 and 10 of article one of the Constitution of the United States, and of §§ 13, 61 and 175 of the Constitution of this state; that the "mile tax required to be paid is to be credited to the Auto Transportation Fund . . . ; that no part of the . . . fund is used for the construction and maintenance of the highways of the State of North Dakota," that it imposes a confiscatory and discriminatory tax for the use of trucks operated in North Dakota highways in interstate commerce;" and "that the tax is not used for the purpose for which it was intended by the legislature."

The state demurred to the answer, presumably on the ground that

it does not state a defense, and the court sustained the demurrer. From the order and the judgment entered the defendants appeal.

The complaint and the answer show that the defendants are doing business in the city of Minot in this state; that in 1934 they owned and operated a truck, "having an unloaded weight of more than six ton and less than seven tons and operated and used said truck in transporting goods, merchandise and property for hire in interstate commerce from points in the state of North Dakota and to points in the state of Minnesota and on return;" that the truck was used exclusively in interstate commerce; that the defendants had obtained a certificate of public convenience and necessity from the board of railroad commissioners in this state, permitting them to operate in interstate commerce, that they have paid all of the registration and license fees required by law except the mileage tax imposed by the statute.

Chapter 162 of the Session Laws of 1933 is entitled: "An Act to provide for the taxation of motor vehicles using the highways of the state of North Dakota for commercial purposes and engaged in transporting goods or merchandise for hire in interstate commerce." By the terms of the statute the operator is required to pay a fee of five dollars "for each such vehicle and in addition thereto truck mileage tax as compensation for the use of the highways, which said tax shall be based upon the unloaded weight of the vehicle, and the distance that such vehicle travels on the highways of this state exceeding five miles. The tax on each motor vehicle or combination of vehicles shall be ascertained by multiplying the number of miles traveled by each of such vehicles on the highways of this state by the rate per mile as provided herein." Section 2 of the act. "The truck mile tax" for a truck "having an unloaded weight of 6 ton and not exceeding 7 ton" is $3\frac{1}{4}$¢ per mile. The owner is further required to pay to the registrar, on or about the 15th of each month, the truck mile tax due and payable for the preceding month. See § 3 of the act. Section 4 provides: "No tax shall be required from any truck, tractor, truck-tractor, semi-trailer or trailer when such vehicle engaged in interstate commerce does not come into the state of North Dakota, a distance greater than five miles from the boundary of said state on any given trip, and does not travel on the highways of this state a distance of more than ten miles on said trip, nor shall any tax be required where said vehicle does not leave the

incorporated limits of any city or cities while in the state of North Dakota within a zone circumscribed by a line running parallel to the corporate limits of any city, village or contiguous cities and villages and five miles distant therefrom." Section 5 provides: "All funds collected under the provisions of this Act shall be paid into the 'Auto Transportation Fund' as provided for by Chapter 188, Session Laws 1931, and shall be expended as so provided." There are other provisions not necessary to set forth.

Such statute does not violate §§ 8, 9 and 10 of article one of the Constitution of the United States. Under the provisions of such sections the congress has the power to regulate commerce among the several states; but the statute involved does not in any way attempt to regulate nor burden interstate commerce.

The several states of the Union are not merely glorified counties. While each is an integral part of the Union, it is also an independent entity except so far as limited by the Constitution of the United States.

The maintenance and repair of roads are part of the functions of government and generally the money expended for this purpose is obtained through taxation. Consequently it is a state function, one of the rights of the state, to tax those who use the highways, even though they may be engaged solely in interstate commerce, so long as the tax is reasonable, is levied for the purpose of constructing, repairing, maintaining, and supervising the highways, and no unjust discrimination is made.

The highways belong to the state. It may make provision appropriate for securing the safety and convenience of the public in the use of them. Kane v. New Jersey, 242 U. S. 160, 61 L. ed. 222, 37 S. Ct. 30.

While it may not impose a tax on the property of those engaged in interstate commerce yet the state may "impose upon motor vehicles engaged exclusively in interstate commerce a charge, as compensation for the use of the public highways, which is a fair contribution to the cost of construction, and maintenance thereof and for regulating the traffic thereon. Interstate Transit v. Lindsey, 283 U. S. 183, 75 L. ed. 953, 51 S. Ct. 380; Hendrick v. Maryland, 235 U. S. 610, 59 L. ed. 385, 35 S. Ct. 140. See also Pierce Oil Corp. v. Hopkins, 264 U. S.

137, 68 L. ed. 593, 44 S. Ct. 251, where levy for roads is extended to tax on sales of gasoline.

"The absence of Federal legislation upon the subject leaves the states free to prescribe any uniform regulations reasonably necessary for public safety and order in respect to the operation upon their highways of motor vehicles moving in interstate commerce, and to that end they may require the registration of such vehicles and the licensing of their drivers, charging therefor reasonable fees" even if "graduated according to the horse power of their engines." Hendrick v. Maryland, 235 U. S. 610, 59 L. ed. 385, 35 S. Ct. 140, supra; Vandalia R. Co. v. Public Serv. Commission, 242 U. S. 255, 61 L. ed. 276, 37 S. Ct. 93, P.U.R.1917B, 1004; Missouri P. R. Co. v. Larabee Flour Mills Co. 211 U. S. 612, 620, 53 L. ed. 352, 360, 29 S. Ct. 214. See also Re Schuler, 167 Cal. 282, 139 P. 685, Ann. Cas. 1915C, 706; Kane v. State, 81 N. J. L. 594, 80 A. 453, L.R.A.1917B, 553, Ann. Cas. 1912D, 237.

"A state which, at its own expense, furnishes special facilities for the use of those engaged in interstate commerce, may exact compensation therefor, and if the charges are reasonable and uniform they constitute no burden on interstate commerce." "Such regulations are deemed to be reasonable and to affect interstate commerce only incidentally and indirectly," and so, "a reasonable, graduated license fee imposed by a state on motor vehicles used in interstate commerce does not constitute a direct burden on such commerce." Michigan Pub. Utilities Commission v. Duke, 266 U. S. 570, 69 L. ed. 445, 45 S. Ct. 191, 36 A.L.R. 1105. The state may impose on motor vehicles engaged exclusively in interstate commerce a reasonable charge as their fair contribution to the cost of constructing and maintaining highways. Sprout v. South Bend, 277 U. S. 163, 169, 72 L. ed. 833, 837, 48 S. Ct. 502, 62 A.L.R. 45. See the long list of cases cited therein by Judge Brandeis.

It is not unreasonable, nor is it unlawful to require those who so largely cause the deterioration of the highways to contribute specially to their upkeep. Gartside v. East St. Louis, 43 Ill. 47, 51.

"The use of streets for gain is special and extraordinary, and generally may be prohibited or conditioned as the legislature deems proper." The state has a right to determine "that the use of streets for private

purposes in the usual and ordinary manner shall be preferred over their use by common carriers for hire" and such determination is not prevented by the Fourteenth Amendment. Packard v. Banton, 264 U. S. 140, 68 L. ed. 596, 44 S. Ct. 257.

"A state may, in the public interest, reasonably control and regulate the use of its highways so long as it does not directly burden or interfere with interstate commerce." Interstate Busses Corp. v. Holyoke Street R. Co. 273 U. S. 45, 71 L. ed. 530, 47 S. Ct. 298; Packard v. Banton, 264 U. S. 140, 68 L. ed. 596, 44 S. Ct. 257; Kane v. New Jersey, 242 U. S. 160, 61 L. ed. 222, 37 S. Ct. 30; and Hendrick v. Maryland, 235 U. S. 610, 59 L. ed. 385, 35 S. Ct. 140, supra. To show the extent of such state regulation it is held the state, under its control of the public highways, may limit the net loan permissible for trucks operated on the highways, even though it applies to the trucks engaged in interstate commerce, especially in the absence of federal requirement on this point. Sproles v. Binford, 286 U. S. 374, 76 L. ed. 1167, 52 S. Ct. 581.

Notwithstanding the fact that these registration fees are thus imposed for revenue, as well as to cover the cost of regulation, it is within the power of the state to so legislate, and the statute is not, for that reason, invalid. Postal Teleg. Cable Co. v. Charleston, 153 U. S. 692, 697, 38 L. ed. 871, 874, 14 S. Ct. 1094, 4 Inters. Com. Rep. 637.

The power of a state to regulate the use of motor vehicles on its highways has been considered frequently by the Supreme Court of the United States, "It extends to non-residents as well as to residents. It includes the right to exact reasonable compensation for special facilities afforded as well as reasonable provisions to insure safety. It is properly exercised in imposing a license fee graduated according to the horse power of the engine. Hendrick v. Maryland, 235 U. S. 610, 59 L. ed. 385, 35 S. Ct. 140, and Kane v. New Jersey, 242 U. S. 160, 61 L. ed. 222, 37 S. Ct. 30, supra.

It is clearly within the discretion of the state to determine whether the compensation for the use of its highways by automobile shall be determined by way of a fee, payable annually, semi-annually, or by a toll based on mileage or otherwise. Kane v. New Jersey, supra.

Much is said of the safeguards provided for in the Fourteenth Amendment to the Constitution of the United States. "A citizen may

have, under the Fourteenth Amendment; the right to travel and transport his property upon the public highways by auto vehicles, but he has no right to make the highways his place of business by using it as a common carrier for hire and such use is a privilege which may be granted by the state in its discretion, without violating either the due process clause or the equal protection clause. Packard v. Banton, 264 U. S. 140, 68 L. ed. 596, 44 S. Ct. 257, supra. Such statute does not violate the Fourteenth Amendment. Gundling v. Chicago, 177 U. S. 183, 44 L. ed. 725, 20 S. Ct. 633.

This statute does not attempt to impose fees according to horse power but it does according to the mileage used. In the case of Hendrick v. Maryland, supra, it was held distinction could be made between motor machines and that the imposition of fees according to the horse power was not a discrimination. We see no good reason why it should be held that fees imposed according to the capacity and weight of the truck should be considered discriminatory. Such rules are justified because of the effect of the truck upon the highways and surely the weight has an important bearing in determining the effect. A lighter truck would not ordinarily injure the road to the same extent that a heavier one would. Thus, a reasonable fee based upon the unloaded weight of the truck is not discriminatory.

A mileage tax on vehicles engaged in interstate commerce was upheld in Interstate Busses Corp. v. Blodgett, 276 U. S. 245, 72 L. ed. 551, 48 S. Ct. 230. This same case shows that the mere fact different schemes were used in taxing interstate carriers is immaterial in the absence of a showing that such tax would fall upon those engaged in interstate commerce with a disproportionate weight. Such decision would appear to nullify the holding in Weimar Storage Co. v. Dill, 103 N. J. Eq. 307, 143 A. 438, cited by and relied upon by the appellant, and referred to later.

In fact it would appear that a tax based upon the use made of the highways is a fairer and more logical tax than one based upon the carrying capacity of the vehicles. Interstate Transit v. Lindsey, 283 U. S. 183, 75 L. ed. 953, 51 S. Ct. 380, supra.

An objection strenuously urged is one leveled at § 5 of the Act, already quoted.

The "Auto Transportation Fund" provided for by chapter 188 of

the Laws of 1931, is a fund created by § 1 (s) of the statute. This section provides: "For the purpose of carrying out the provisions of this act there is hereby created in the State Treasury a state fund to be known as the 'Auto Transportation Fund.' All fees collected by the Commission, as herein provided, shall be paid into the State Treasury monthly and shall be credited to the said 'Auto Transportation Fund' to the use of the Commission and shall be paid out upon proper voucher and audit by the State Auditing Board, for the expenses of said Commission in administering the provisions of this act." This law deals with motor vehicles transportation, and the subdivision referred to deals with fees and their use. The Board of Railroad Commissioners is the board to whom is committed the task, under chapter 188 of the Session Laws of 1931, of "supervision and regulation of the transportation of persons and property for compensation over any public highway by motor propelled vehicles."

Appellant says the Chapter involved in this controversy is "unconstitutional and void because the mile tax therein required to be paid is to be credited to the Auto Transportation Fund of the State of North Dakota and that no part of the Auto Transportation Fund is used for the construction and maintenance of the highways of the State of North Dakota. Further tax is not used for the purpose for which it was intended by the Legislature." The tax on the motors using the road need not be used solely for construction and maintenance of the highways. It may be used for supervision. As long as the tax is a legitimate tax and reasonable the legislature may devote the tax to any highway purpose it sees fit, not prevented by the Constitution.

The whole tenor of the federal decisions permitting a tax on motor vehicles engaged solely in interstate commerce is that these vehicles use the state highways and they may be compelled to pay for such use as the use by such vehicles occasions expense in construction, maintenance and repairing. Consequently the tax should go for this special purpose. Unless justified by this purpose it would be an unlawful burden upon interstate commerce. However when we turn to chapter 188 of the Session Laws of 1931 we find that it is a statute providing "for the supervision and regulation of the transportation of persons and property for compensation over any public highway by motor propelled vehicles." The "Auto Transportation Fund" is a fund created for the

purpose of maintaining supervision over the use of the highways and is used exclusively in administering the provisions of that act. The tax does not go into the general fund of the state nor is it used for the general expense of the state. It is for the legislature to say whether such tax shall be used in constructing the roads, maintaining the roads, repairing the roads, or supervising transportation over the roads. In the absence of any showing of injustice, or illegal discrimination it is not a valid objection that the proceeds are credited to a specific fund which deals exclusively with the highways.

If the state has a right to charge such tax or fee then it is immaterial whether it leaves the enforcement of the statute to the board of railroad commissioners or to the highway commission. This state may select such agency it sees fit.

The levying of license fees on motor vehicles engaged in interstate commerce according to their carrying capacity on the vehicles does not place an undue burden on interstate commerce where fees are collected for the purpose of maintaining public highways over which such vehicles operate, as compensation for their use, and the statute provides for the segregation for this purpose of the moneys collected. Hicklin v. Coney, 290 U. S. 169, 172, 78 L. ed. 247, 250, 54 S. Ct. 142. The fact that the duty of collecting the tax is placed upon the railroad commission, rather than on the highway commission is beside the point. As said in Hicklin v. Coney, supra, "the court does not deal with academic contentions."

There is no merit in the statement that this tax levied is not used for the purpose for which it was intended by the legislature. The legislature intended this tax should go into the Auto Transportation Fund and it does.

Appellants cite Atlantic-Pacific Stages v. Stahl (D. C.) 36 F. (2d) 260, in support of their contention that the state has no power to place an undue burden on interstate commerce. Of this there can be no dispute. The case cited deals with the statute of Missouri making it unlawful for "motorbus common carriers to furnish service within the state without first obtaining certificate of convenience and necessity from the Public Service Commission and authorizing the commission . . . to refuse such certificate." A person engaged solely in interstate commerce has a right to pass over highways of the state without

any such certificate. As pointed out hereafter no state can make such requirements but that does not prevent the state from charging for the use of the highway unless there is discrimination against interstate commerce. But the case cited does say that a state "may impose a tax upon company operating motor trucks exclusively in interstate commerce over interstate highways, or may require a permit for such transportation conditioned on carrier's compliance with state laws provided there is no discrimination against interstate commerce." Hence a tax is not in itself a discrimination.

Our statute involved deals with motor vehicles engaged solely in interstate commerce. This statute makes no requirement for a certificate of convenience. That provision is found in chapter 188 of the Session Laws of 1931—a statute not involved therein.

The statute involved affects only motor vehicles, "using the highways of the state of North Dakota for commercial purposes and engaged in transporting goods or merchandise for hire in interstate commerce." It does not apply to an individual traveling from one state to another for his own pleasure or using the highway for his own personal use.

But it is not an unlawful discrimination to classify motor vehicles according to the purpose for which they are used. Hence the statute may distinguish between vehicles used for commercial purposes and those used for personal purposes.

"Persons and property, even with respect to the transportation for hire, need not be treated as falling within the same category for purposes of highway regulation." Sproles v. Binford, 286 U. S. 374, 76 L. ed. 1167, 52 S. Ct. 581, supra.

It is true the statutes of this state provide a different tax on vehicles engaged in commercial purposes and confined solely to intra-state traffic; but these vehicles pay the tax whether they use the highway or not.

Under the law involved no tax is paid unless the highway is used and then only under the provisions of section 4 of the Act. There is nothing to indicate that motor vehicles covered by this statute pay a greater rate or heavier tax than motor vehicles engaged in intra-state commerce exclusively—no claim nor argument is made to this effect.

Appellants cite Weimar Storage Co. v. Dill, 103 N. J. Eq. 307, 143 A. 438. Here the New Jersey "Act to provide for the levying of an excise on the use of highways of this state by motor vehicles operated

for the purpose of carrying passengers or property for hire in interstate commerce" was held to be unconstitutional. This New Jersey statute, as pointed out in the opinion, laid "an excise on the use of highways of this State by motor vehicles operated for the purpose of carrying passengers or property for hire in interstate commerce." The statute was held unconstitutional on several grounds; but the decision states distinctly that the law was objectionable because it imposed "such fees only upon users engaged in interstate commerce," and further that it applied only to common carriers and did not include vehicles that were not common carriers such as commercial trucks "engaged as private carriers, or operated by private concerns, which carry as heavy loads and are responsible for as much wear and tear on the highways as common carriers." But in Interstate Busses v. Blodgett, 276 U. S. 245, 72 L. ed. 551, 48 S. Ct. 230, a mileage tax levied only on those engaged in interstate commerce is upheld even if those engaged in intrastate commerce pay a tax on gross receipts and those engaged in interstate commerce paid other taxes also such as license fee for each vehicle, gasoline tax, etc. This in itself does not render the mileage tax unreasonable. Our statute does not by express terms limit the statute to common carriers; but the fact that the common carriers in intrastate commerce are not referred to in this statute does not prevent the state from making a reasonable charge for the use of its highways. These charges may be in separate statutes so long as they are "complementary in the sense that while both levy a tax—one affects only interstate and the other only intrastate commerce." See Interstate Busses v. Blodgett, supra.

Appellant says that this chapter 162 of the Session Laws of 1933 is confiscatory and discriminatory because it is applicable only to trucks operating on the highways in interstate commerce for hire. What has been said with reference to alleged violation of the Constitution of the United States, respecting this objection is applicable here. Section 61 of the State Constitution provides: "No bill shall embrace more than one subject, which shall be expressed in its title, but a bill which violates this provision shall be invalidated thereby only as to so much thereof as shall not be so expressed." The title of this bill attacked has been set forth heretofore. There is but one subject in the bill, and that is set forth in its title.

Section 175 of the Constitution of this state provides: "No tax

shall be levied except in pursuance of law, and every law imposing a tax shall state distinctly the object of the same, to which only it shall be applied." We are at a loss to see where it can be claimed the statute involved in any way violates this constitutional provision.

In appellants' brief much reliance seems to be placed upon the fact that defendants applied to the board of railroad commissioners for a certificate declaring that convenience and necessity required the operation of this truck as required by § 1 (L) of Chapter 188 of the Session Laws of 1931. Such certificate does not give any special privilege, and in any event cannot be required of one engaged exclusively in interstate commerce. Any one using the highways of the state solely in interstate commerce may use the highways without obtaining such certificate and in spite of a refusal to grant such certificate. Interstate Busses Corp. v. Holyoke Street R. Co. 273 U. S. 45, 71 L. ed. 530, 47 S. Ct. 298, supra; Buck v. Kuykendall, 267 U. S. 307, 69 L. ed. 623, 45 S. Ct. 324, 38 A.L.R. 286.; George W. Bush & Sons Co. v. Maloy, 267 U. S. 317, 69 L. ed. 627, 45 S. Ct. 326; Barrett v. New York, 232 U. S. 14, 29, 58 L. ed. 483, 490, 34 S. Ct. 203; Crutcher v. Kentucky, 141 U. S. 47, 52, 35 L. ed. 649, 652, 11 S. Ct. 851.

Nor may the state require one engaged solely in interstate commerce to engage in intra-state commerce. Michigan Pub. Utilities Co. v. Duke, 266 U. S. 570, 69 L. ed. 445, 45 S. Ct. 191, 36 A.L.R. 1105, supra.

However, this does not exempt such from paying a reasonable fee for the use of the highways.

But this certificate was not issued under the provisions of the law under consideration.

It is difficult to see why section 13 of the Constitution is cited, except possibly because such section says "no person shall be deprived of . . . property without due process of law." Levying a reasonable tax is not depriving a person of property without due process of law.

It may not be out of place to call attention to the fact that while this appeal involves the validity of the demurrer to the answer and the answer says the tax imposed is "confiscatory and discriminatory," there is nothing in the answer pointing out wherein the tax is confiscatory and discriminatory. Such statement is a mere conclusion of law and is disregarded on the demurrer. As pointed out in 49 C. J. 44

"a conclusion of law does not aid the pleading and will be disregarded in determining the sufficiency of the facts alleged." "A pleading which depends on conclusions of law, without stating the facts on which they are based, is fatally defective." 49 C. J. 46. It needs no citations to sustain this rule; but see Security Nat. Bank v. Dougherty, 53 N. D. 1, 204 N. W. 847; Houghton Implement Co. v. Vavrosky, 14 N. D. 308, 109 N. W. 1024.

The order is affirmed.

BURKE, Ch. J., and NUESSLE, MORRIS and CHRISTIANSON, JJ., concur.

### (On Petition for Rehearing)

BURR, J. Defendants petition for rehearing and state they "are not at this writing in argument with the opinions reached by the court on said constitutional issues and see no omissions on the part of the Court regarding said issues. They file this petition for rehearing on a wholly different matter, simply that the Court has failed to pass on the principal issue involved in this case, namely, the construction of the word 'exclusively' in § 2 of chapter 162, 1933 Session Laws of North Dakota, the statute involved."

While the title of the act says: "An Act to provide for the taxation of motor vehicles using the highways of the State of North Dakota for commercial purposes and engaged in transporting goods or merchandise for hire in interstate commerce," § 2 limits the application of the law to trucks etc. "engaged exclusively in transporting property in interstate commerce etc." We cannot add anything to the word "exclusively" so as to make its meaning clearer—except, that the law is not applicable to any truck except such as is engaged solely in interstate commerce.

The primary purpose may readily be assumed to lay a tax upon foreign trucks using the State Highways in interstate commerce; but it is sufficiently broad to include trucks owned by residents of the State and used by them in interstate commerce. The term "engaged exclusively" has reference to the truck. A resident of the State owning a truck used for the transportation of goods pays an annual motor license tax on such truck for the privilege of using the highways of the State.

It is not the intent of the law to require him to pay a mileage tax on said truck, in addition thereto, for the occasions when he uses that truck in transporting goods to a point outside the State to a point in the State. To do so would subject such truck to a double tax. The law has reference to a truck owned by the defendants which they keep for interstate commerce only, and do not use for any other purpose. In such case they do not pay the annual state license fee; but they pay the mileage fee required of trucks "engaged exclusively in transporting property in interstate commerce."

If the truck involved is used in intrastate commerce so that it pays its annual fee, then it is not required to pay the mileage fee in addition for every interstate-commerce trip, for it would not be engaged exclusively in interstate commerce. In such case the owner of the truck is not in position to raise the question of the constitutionality of the statute, if it does not apply to the truck involved, as no one can take advantage of an unconstitutional provision of a statute who is not affected by it. State v. McNulty, 7 N. D. 169, 73 N. W. 87; State ex rel. Linde v. Taylor, 33 N. D. 76, 156 N. W. 561, L.R.A.1918B, 156, Ann. Cas. 1918A, 583; Olson v. Ross, 39 N. D. 372, 167 N. W. 385; Mohall Farmers' Elevator Co. v. Hall, 44 N. D. 430, 176 N. W. 131; Goer v. Taylor, 51 N. D. 792, 200 N. W. 898; State v. First State Bank, 52 N. D. 231, 202 N. W. 391; Olson v. Erickson, 56 N. D. 468, 217 N. W. 841.

The petition for rehearing is denied.

BURKE, Ch. J., and NUESSLE, MORRIS and CHRISTIANSON, JJ., concur.